FAIIVAE—Apelu Galea'i II, Petitioner

v.

TAGALOA MOLA, Respondent

No. 3250-1975

High Court of American Samoa

Civil Jurisdiction, Trial Division

November 25, 1975

The Constitution of American Samoa provides that "Senators shall be elected in accordance with Samoan custom by the county councils of the counties they are to represent. . . ." and that their decisions are to be "certified by the county chiefs of such counties." Rev. Const. Am. Samoa, Art. II, Sec. 4. Petitioner alleges that the Fofo County Council (Leone Village Council) elected him to the senatorial seat for the county which became vacant upon

the death of High Orator Leoso Malama. Petitioner further alleges that the respondent, who was to certify the decision of the Council, certified that High Talking Chief Olo had been elected. The issue thus presented to the Court was whether the Senator for Fofo County was elected by the council in accordance with Samoan custom.

The Court finds that at the conclusion of the final meeting, Paramount Chief Tuitele announced that the decision of the council was that the petitioner should be the new Senator. We also find that the entire council was not in agreement with this decision and that the respondent, believing that it was his responsibility to certify the decision of the majority of the council members, determined for himself the desire of the majority and thereupon certified that the council had decided that High Talking Chief Olo was elected to be the new senator.

The case of *Amituana'i E. R. Meredith v. Tagaloa Mola*, Civ. No. 2511-73 (High Ct. Am. Samoa 1973) involved an almost identical factual situation created largely as a result of the actions of the respondent therein, who is also the respondent in the instant case, which actions are similar to those giving rise to the present controversy. It was held there that the function of the county chief in certifying the name of the person chosen by the council to be senator was purely ministerial, involving no discretion whatsoever. In *Faliu v. Fofo*, Civ. No. 2504-72 (High Ct. Am. Samoa 1972) the Court stated that the county chief "has no authority or power to inject his own wishes, opinions, or conclusions. If it were otherwise, then the meetings of the county council would be meaningless and futile, for the county chief could overturn their decision arbitrarily." We are most disappointed that Tagaloa Mola should at this time have done the very things that the Court in 1973 said he shall not do.

■ The people of Leone and the County are fully aware of the Samoan custom in the matter of these kinds of selections. This Court will not lay down a rule as to exactly how a county council must decide upon the person it selects to be a Senator, especially as there may be variations on the methods and procedures employed in the different villages and counties.

■ We order the present certification of the decision of the Fofo County Council (Leone Village Council) to be set aside and the matter of the election of a senator to represent that county to be referred back to the Council which must adhere to the Samoan custom in making its selection. Further, the respondent shall have nothing to do with the meeting of the council or its decision other than, upon its being announced to him, certifying and forwarding that decision without change in accordance with his duties. We are sure that if the people are of good will and concerned with the maintenance of Samoan custom and the Constitution of American Samoa, they will be able to arrive at and acknowledge a properly made decision.